**SHAW PERELSON, LLP**
**ATTORNEYS AT LAW**
**21 VAN WAGNER ROAD**
**POUGHKEEPSIE, NEW YORK 12603**
**(845) 486-4200**
**FAX (845) 486-4268**

**WESTCHESTER OFFICE**
**115 E. STEVENS AVENUE**
**VALHALLA, NEW YORK 10595**
**(914) 741-9870**

Application denied, as the Court is unaware of any basis in the Federal Rules of Civil Procedure for a "motion to compel" partial relief sought in a previously denied motion for a temporary restraining order. To the extent Plaintiffs seek to renew their request for a TRO, that application is denied for the same reasons the Court previously denied the request (see Doc. 8). In light of the arguments and representations made in Defendant's August 11, 2026 letter, the parties are directed to meet and confer by August 19, 2026 and discuss whether this action and/or the provisional relief sought by Plaintiffs is moot. Plaintiffs shall file either an order and stipulation dismissing the action as moot or a letter responding to Defendant's August 11, 2026 letter by August 19, 2026. A conference is scheduled for August 26, 2026 at 12:00 p.m. to be held in Courtroom 520 of the White Plains courthouse. In the event Plaintiffs elect to dismiss this action, the conference will be canceled.

SO ORDERED.

________________________
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
August 12, 2026

**STEPHEN A. PERELSON (1941-2002)**
**DAVID S. SHAW**
**MARGO L. MAY**
**BETH L. HARRIS**
**STEVEN M. LATINO**
------
**MARK C. RUSHFIELD ***
OF COUNSEL
------
**FRAZER & FELDMAN, LLP**
OF COUNSEL:
**JACOB S. FELDMAN**
**JAMES H. PYUN**
**JOSEPH P. LILLY**
**DENNIS P. O'BRIEN**

* *also admitted in New Jersey*

s

Via ECF
Hon Philip M. Halpern, U.
U.S. District Court
300 Quarropas Street
White Plains, N.Y. 10601

Re: **Board of Education of Tuxedo UFSD et al v. Board of Education of East Ramapo CSD, 7:26-cv-6423 (PMH); Letter Motion Regarding Request for Temporary Restraining Order Compelling Defendants to Temporarily Enroll Student ZCL in its 8:1:2 ESY Program for Remainder of Summer (i.e., until August 13, 2026) As Per the July 15, 2026 "Interim Order: Pendency" of Impartial Hearing Officer Barbara J. Edenstein**

Dear Judge Halpern:

This office represents the plaintiff Board of Education of Tuxedo UFSD ("Tuxedo") in this action, in which the Parent of student Z.C.L., a student classified as autistic, is appearing *pro se*. The Parent has written to the Court by letter of August 3, 2026, requesting that the Court temporarily enjoin the Defendant from refusing to enroll ZCL in the Defendants' 8:1:2 extended school year ("ESY") program. For the Court's convenience, a copy of that letter is submitted herewith for the Court's consideration.

As per the Court's Order of July 29, 2026, we submit this letter motion requesting that the Court order the temporary restraining order sought in the Plaintiff's proposed Order to Show Cause, albeit limited to the remainder of the Defendants' 8:1:2 ESY summer class program, which ends on August 13, 2026, as there will then be ample time to address whether a preliminary injunction should issue for maintaining Z.C.L. in the Defendants' ESY 8:1:2 class program (with tuition and transportation costs being the responsibility of Tuxedo) pending a decision of Impartial Hearing Officer Ebenstein on the Parent's current due process complaint against Tuxedo.

When this office filed the Plaintiffs' Complaint and preliminary injunction motion papers with the Court on July 24, 2026, it provided a copy of same via email to attorney Anne McGinnis, Esq. of the law firm of Bond, Schoeneck and King, the special education attorneys for Defendants and the attorney in that firm who directed the Defendants to put their enrollment of Z.C.L. pursuant to an IDEIA on "hold" despite the Defendants and attorney McGinnis having been made aware of the directive that Z.C.L. be so enrolled set forth in a "stay-put" order rendered under the IDEIA by Impartial Hearing Officer Barbara J. Ebenstein. These efforts are set forth in an Affirmation of attorney Beth Harris of this firm that was filed in support of the Complaint.

After the Court rendered its July 29, 2026 Order, I provided that Order via email to attorney McGinnis on July 30, 2026 and engaged in multiple unsuccessful efforts to speak with her by telephone, before learning later that day that attorneys Barbara Maisto, Esq. and Sabrina Salama, Esq. of the Bond, Schoeneck and King firm would be representing the Defendants in this action, whom I thereupon spoke with that day. At that time, it appeared that Tuxedo had reached a settlement with the Parent as concerns Z.C.L.'s placement in a program in the Suffern School District for September, so that the only issue would be Z.C.L.'s enrollment in the ESY summer portion of the Defendants' 8:1:2 ESY class, which we then learned from the Defendants' counsel

had commenced July 2, 2026 and would end on August 13, 2026.

After we confirmed with the Parent that she nonetheless wanted her son enrolled asap in the Defendants' 8:1:2 ESY class summer program despite the limited duration remaining for that class during the summer, the general terms of an agreement to enroll ZCL in that class for the remainder of its summer program, with tuition for the remaining summer school days for ZCL being paid by, and student transportation to be arranged by, Tuxedo (as required by Impartial Hearing Officer Barbara J. Ebenstein's "stay-put" order) were discussed and agreed to in principal, albeit not in detail, by Tuxedo with the Defendants' attorneys on July 30, 2026.

The Defendants' attorneys then provided a Settlement Agreement with releases to our office and to the Parent via emails near or after close of business on July 31, 2026. While the Parent executed the Settlement Agreement on Saturday, August 1, 2026, on Monday, August 3, 2026, we were alerted by the Parent that Z.C.L. had regressed so much during the summer in the absence of an appropriate summer class program that she had changed her mind about accepting the Suffern program for Z.C.L. commencing in September of 2026 and would proceed with her pending due process hearings before Impartial Hearing Officer Barbara J. Ebenstein. The Parent further advised us that she would seek to enforce the "stay-put" order in place and require that Z.C.L. be enrolled in that pendency program until her due process complaint was decided and that she would write to the Court directly to so advise the Court.

Shortly after learning of the Parent's new position, on that same day, I notified attorney Maisel by email of these developments and that, under the circumstances, we could not sign the Settlement Agreement and that unless the Defendants would agree to adhere to Impartial Hearing Officer Barbara J. Ebenstein's "stay-put" order and enroll Z.C.L. at least for the remaining few summer days, in its 8:1:2 ESY class, at Tuxedo's cost, we would need to proceed with our

application for a temporary restraining order, albeit limited to the remainder of the Defendants' 8:1:2 ESY summer program. Attorney Maisel confirmed to me that the Defendants would not so agree.

It is submitted that, as required by Rule 65, there are specific facts set forth in the Complaint and in the Affirmation in support of the Complaint of Beth Harris, Esq., and the Affidavit in Support of Order to Show Cause of Tracey Nagengast, Chairperson of the Tuxedo CSE (which explicitly incorporates the allegations in the Complaint "as if fully set forth herein," by reference at paragraph 4 thereof) and the August 3, 2026 letter to the Court from the *pro se* Parent submitted herewith, which establish that student Z.C.L. will continue to suffer immediate and irreparable injury on each additional day between today and August 13, 2026 that he is denied enrollment in the Defendants' 8:1:2 ESY class.

I hereby certify by my signature below that, on behalf of Tuxedo, I gave notice as set forth above to the Defendants of our application for a temporary restraining order compelling the Defendants to enroll Z.C.L. in the Defendants' 8:1:2 ESY class for the remainder of the summer program of that class (i.e., until August 13, 2026) and have provided both the Defendants and the Court with the reasons why no further notice should be required.

Despite student Z.C.L.'s last agreed IEP being the May 22, 2025 IEP agreed to between the Defendants and then Parent, providing for Z.C.L. to attend the Defendants' 8:1:2 ESY program and for his reenrollment in that program having been ordered by the Impartial Hearing Officer addressing the parent's due process complaint with Tuxedo, the school district into which Z.C.L. has relocated, by a "stay-put" order under the IDEIA, the Defendants have declined to permit such enrollment, although at Tuxedo's cost, even for the 7 or so remaining school days left of the ESY summer program. The reason we have been given by the Defendants is that the Impartial Hearing

Officer lacked jurisdiction over the Defendants. We have provided the Court with case law establishing that the Plaintiffs need not show the traditionally required preliminary injunction factors, such as irreparable injury, to obtain that relief. See e.g., *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d 1982) as concerns "stay-put" orders, stating:

> This provision is, in effect, an automatic preliminary injunction. The statute substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships.

Furthermore, in the only case we have found analogous to the instant case, as to the issue of the Impartial Hearing Officer's power to order a home school district to provide special education services through another school district's local special education program under the IDEIA, even where the latter school district declines to provide such local services to the autistic student, *Mr. and Mrs. G v. Trumbell Conn. Board of Educ.*, 3:04 cv 1653 (MRK), 2005 U.S,. Dist. LEXIS 3240 (D. Conn. Feb. 24, 2005), the court entered a temporary restraining order requiring that the student be permitted to remain in that latter school district's program pending the outcome of the IDEIA administrative hearing process and that latter school district thereupon agreed to comply.

Should the Court nonetheless need to know my availability for a conference on this application, I can be available today, tomorrow or Thursday, at any time convenient to the Court.

Respectfully submitted,

**SHAW PERELSON, LLP**

**BY: ________/S/______________________________**
**MARK C. RUSHFIELD, ESQ.**

MCR/hs
Encl.
cc: Barbara Maisto, Esq. via ECF
Pro Se Parent JP-L via email