UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF EDUCATION OF THE TUXEDO UNION FREE SCHOOL DISTRICT and JP-L, individually and on behalf of her son, Z.C.L., a minor,

Plaintiffs,

-against-

BOARD OF EDUCATION OF EAST RAMAPO CENTRAL SCHOOL DISTRICT and EAST RAMAPO CENTRAL SCHOOL DISTRICT,

Defendants.

**ORDER**

26-CV-06423 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiffs, the Tuxedo Board of Ed ("Tuxedo") and JP-L, proceeding *pro se* individually and on behalf of her minor son (the "Parent"), commenced this action on July 28, 2026 against defendant Board of Education of East Ramapo Central School District and East Ramapo Central School District (together, "East Ramapo"). (*See* Doc. 1, Doc. 9). This action specifically concerns only East Ramapo's 8:1:2 Special Extended School Year ("ESY") class that was scheduled for the summer from July 20, 2026 through August 13, 2026. (*Id.*). Plaintiffs allege in the Complaint that East Ramapo refused to honor an IHO's Pendency Order and enroll the Student in the 8:1:2 ESY Special Class in the ESY summer portion. (*Id.*). The Complaint requests "a preliminary and permanent injunction ordering the East Ramapo Central School District to enroll [the Student] in that school district for the limited purpose of permitting [the Student] to attend its 8:1:2 ESY Special Class for the summer of 2026." (*Id.* at 5).

On August 26, 2026, the Court held a conference on Plaintiffs' request "to compel" East Ramapo to comply with the IHO's Pendency Order. Tuxedo and East Ramapo appeared by counsel. The Parent did not appear.

Following the conference, in accordance with the discussion had on the record, Tuxedo filed a notice of dismissal pursuant to Federal Rule of Civil procedure 41(a)(1)(A)(i), which the Court thereafter "so-ordered." (Doc. 19). East Ramapo, in accordance with the discussion had on the record, filed a pre-motion letter for dismissal of the Parent's claims as moot under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), and for failure to state a claim under Rule 12(b)(6). (Doc. 18). The Court construed East Ramapo's letter-motion as a motion to dismiss, directed the Parent to respond by September 4, 2026, and directed the Parent to show cause why this action should not be dismissed as moot and for her failure to appear at the conference. (Doc. 20).

The Parent alleges that she failed to appear for the conference because she is not registered on PACER. (Doc. 22). The Court need not opine on whether the failure to register on PACER is a sufficient excuse under the circumstances, because this action must be dismissed on other grounds.

"Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (cleaned up). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). The Parent (and Tuxedo) expressly concede that, because the ESY program ended on August 13, 2026, the claims in the Complaint for "equitable and injunctive relief have indeed been rendered moot." (Doc. 23; Doc. 16 at 3 ("Tuxedo admits that issue [the summer program] has been rendered moot by the passage of time and the limited time that was left in the Defendant's summer program.")). Because the Complaint only sought equitable and injunctive relief tied to a

program that has ended, there is no relief left for this Court to grant. Accordingly, the Complaint is dismissed as moot.

The Parent requests that the Court permit an amendment to the Complaint. (Doc. 23). "Plaintiff's request to amend, contained solely in [a response to an order to show cause], is procedurally defective since a bare request to amend a pleading contained in a [letter], which does not also attach the proposed amended pleading is improper under Fed. R. Civ. P. 15." *Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021) (quotation marks omitted). "The Second Circuit has indicated that 'when a plaintiff does not advise the district court how the complaint's defects would be cured . . . it is not an abuse of discretion to implicitly deny leave to amend.'" *Id.* (quoting *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018)).

The Parent has not offered a proposed amended pleading for the Court's consideration. To the extent she describes the proposed amendment as one to seek money damages against East Ramapo in lieu of equitable relief, she has not identified any statute or claim authorizing money damages against East Ramapo based upon the facts alleged. As far as this Court is aware, pecuniary damages are not available under the IDEA, which is the statutory foundation of the Parent's claims. *Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 196 (E.D.N.Y. 2015) ("It is well-settled in this Circuit that plaintiffs cannot bring claims under the IDEA for monetary or punitive damages.), *aff'd*, 633 F. App'x 14 (2d Cir. 2016).

Accordingly, the Parent's request for leave to amend is denied. The Complaint is dismissed as moot.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED**:

Dated: White Plains, New York
September 18, 2026

Philip M. Halpern
United States District Judge